IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly situated persons,<br><br>                  Plaintiff,<br>v.<br><br>ACTIVECORE TECHNOLOGIES, INC., PETER J. HAMILTON, STEPHEN LEWIS, S. STEVEN SMITH, ANDREW WICKETT, and EFREM AINSLEY,<br><br>                  Defendants. | FILED: JANUARY 7, 2009<br>09 CV 89<br>JUDGE ASPEN<br>MAGISTRATE JUDGE SCHENKIER<br>AEE |

## CLASS ACTION COMPLAINT

Plaintiff, G.M. SIGN, INC., an Illinois corporation (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against defendants, ACTIVECORE TECHNOLOGIES, INC. ("ACTIVECORE"), PETER J. HAMILTON ("HAMILTON"), STEPHEN LEWIS ("LEWIS"), S. STEVEN SMITH ("SMITH"), ANDREW WICKETT ("WICKETT"), and EFREM AINSLEY ("AINSLEY') (herein "Defendants").

### PRELIMINARY STATEMENT

1. This case challenges Defendants' policy and practice of providing lists of persons within the United States and faxing unsolicited advertisements to them.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed

advertisements. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. There is federal question jurisdiction here pursuant to 28 U.S.C. 1331. Citing *Brill v. Countryside*, 427 F.3d 446 (7th Cir. 2005). Plaintiff is an Illinois corporation and received junk faxes from Defendants in Illinois.

## PARTIES

7. Plaintiff, G.M. SIGN, INC., is an Illinois corporation with its principal place of business in Round Lake, Illinois.

8. On information and belief, Defendant, ACTIVECORE TECHNOLOGIES, INC. was, at all relevant times, a Nevada corporation with its principal place of business in Toronto, Canada. ACTIVECORE, HAMILTON, LEWIS, SMITH, WICKETT, and AINSLEY have committed statutory violations in Illinois within this District. On information and belief,

2

HAMILTON, LEWIS, SMITH, WICKETT, and AINSLEY were shareholders, directors, and officers of ACTIVECORE during the relevant time periods herein. On information and belief, HAMILTON, LEWIS, SMITH, WICKETT, and AINSLEY had a high degree of involvement in the transmission of the facsimile advertisement because Defendants created the advertisement, supplied the database to which the fax advertisements were sent, and then sent the advertisements.

9. On information and belief, EFREM AINSLEY, PETER J. HAMILTON, STEPHEN LEWIS, S. STEVEN SMITH, and ANDREW WICKETT were officers, directors, and shareholders who approved, authorized, and participated in the scheme to solicit persons and encourage them to use ACTIVECORE to sent out fax advertisements by: (a) directing that a database of fax numbers be assembled or purchased, (b) directing, hiring and supervising employees or salesmen to solicit customers for fax broadcasting, (c) creating and assisting in the creation of the fax advertisements, (d) advising or directing the sales staff to advise customers that their program and/or database was legally compliant, (e) providing telephone lines, computers, automatic dialers, and other infrastructure for the mass transmission of advertisements by facsimile into the United States, and (f) paying employees or salesmen to solicit and transmit advertisements for their customers into the United States.

## FACTS

10. On or about March 29, 2005, Defendants transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

11. Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

3

12. On information and belief, Defendants have sent similar unsolicited facsimile advertisements to at least 39 other recipients.

13. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

14. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

15. In accordance with FRCP 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons that are holders of telephone numbers to which Defendants sent advertisements by facsimile for the benefit of Franklin Bank between January 1, 2005 to and including the present (the "Class").

Defendants, their employees and agents, and members of the federal judiciary are excluded from the Class.

16. <u>Commonality [FRCP 23(A)(2)]</u>. Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

    (a) Whether Defendants sent unsolicited fax advertisements;

    (b) Whether Defendants' facsimiles advertised the commercial availability of property, goods or services;

    (c) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d) Whether Defendants faxed advertisements on behalf of Franklin Bank without first obtaining the recipients' prior express permission or invitation;

(e) Whether Defendants sent the faxed advertisements knowingly;

(f) Whether Defendants violated the provisions of 47 U.S.C. § 227;

(g) Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(h) Whether the Court should award treble damages.

17. Typicality [FRCP 23(a)(3)]. Plaintiff's claims are typical of the claims of all class members. Plaintiff received a facsimile Defendants sent on behalf of their customer, Franklin Bank, advertising the goods and services of Franklin Bank. That fax did not identify Franklin Bank by name. Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute. Defendants have acted the same or in a similar manner with respect to Plaintiff and all the class members.

18. Fair and Adequate Representation [FRCP 23(a)(4)]. Plaintiff will fairly and adequately represent and protect the interest of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

19. Need for Consistent Standards and Practical Effect of Adjudication [FRCP 23 (b)(1)]. Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

20. Common Conduct [FRCP 23 (b)(2)]. Class certification is also appropriate because Defendants have acted and refused to act in the same or similar manner with respect to

5

all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

21. <u>Predominance and Superiority [FRCP 23(b)(3)].</u> Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

    (a)    Proof of Plaintiff's claims will also prove the claims of the class without the need for separate or individualized proceedings;

    (b)    Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records and will not require individualized or separate inquires or proceedings;

    (c)    Defendants have acted pursuant to common policies or practices in the same or similar manner with respect to all class members;

    (d)    The amount likely to be recovered by individual class members does not support prolonged individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

    (e)    This case can be effectively and efficiently managed as a class action in that:

        (i)    Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

        (ii)    Liability and damages can be established for Plaintiff and the class with the same common proofs;

6

  (iii) The TCPA provides statutory damages and those damages are the same for all class members and can be calculated in the same or a similar manner;

  (iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

  (v) A class action will contribute to uniformity of decisions concerning Defendants' practices;

  (vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

22. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …." 47 U.S.C. § 227(b)(1).

23. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

24. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>  (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>  (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>  (C) Both such actions.

25. The TCPA is a strict liability statute. Defendants are liable to Plaintiff and the other class members even if Defendants' actions were only negligent.

26. Defendants violated 47 U.S.C. § 227 et seq. by transmitting faxes substantially similar to Exhibit A to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

27. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost employee time, as class members' employees used their time receiving, routing and reviewing Defendants' illegal faxes and that time otherwise would have been spent on the class members' business activities.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ACTIVECORE TECHNOLOGIES, INC., PETER J. HAMILTON, STEPHEN LEWIS, S. STEVEN SMITH, ANDREW WICKETT, and EFREM AINSLEY, jointly and severally, as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater;

C. The court enjoin Defendants from additional violations; and

   D.  That the court award costs and such further relief as the court may deem just and proper.

             Respectfully submitted,

             G.M. SIGN, INC., individually and as the representative of a class of similarly-situated persons

          By: <u>s/Brian J. Wanca</u>
             One of its attorneys

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| ANDERSON + WANCA | BOCK & HATCH, LLC |
| 3701 Algonquin Road, Suite 760 | 134 N. La Salle St., Suite 1000 |
| Rolling Meadows, IL 60008 | Chicago, IL 60602 |
| Telephone: 847/368-1500 | Telephone: 312/658-5500 |

**EXHIBIT A**

# Which One Would You Choose?

## CHOICE A

|  | Balance | Payment |
|---|---|---|
| Current Mtg. | $75,000 | $699 |
| 2nd. Mtg. | $15,000 | $202 |
| Credit Card | $4,000 | $120 |
| 2nd Credit Card | $6,000 | $180 |
| Total | $100,000 | $1,201 |

## CHOICE B

Consolidate Into One Low Monthly Payment of

**$557.92**

TOTAL SAVED PER MONTH

**$643.08**

## Rates Start As Low As 1.00%

*Same Day Approval*

*Quick Closings*

Refinance or Purchase

Bankruptcy-Buy Out

No Income Verification

Get Cash Out For Any Reason

### Call the experts for a FREE analysis!!

# 1-877-489-8777

Good Credit or Bad Credit, We've Got a Program Fitted Just For You!!

Loan payment based on $103,000 @ 6.5% for 30 years. APR is 6.723%. *Interest only for 10 years fixed at 6.5%. The remaining balance amortized over 20 years at 6.5% fixed. Interest rate, years & APR will vary based upon loan amount the market and individual's approved credit. The use or dissemination of this material by any other person or entity is expressly prohibited. All loan programs subject to credit and property underwriting guidelines. Rate and terms are subject to change without notice. All loan programs may not be available in all states.

If you received this fax in error or wish to have your number removed, please call 1-866-553-1280 ext 279